UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

MARY DIFEDERICO
13490 Point Pleasant Drive
Chantilly, Virginia 20151
*individually and as Personal Representative of*
*THE ESTATE OF ALBERT DIFEDERICO*

And
NICHOLAS DIFEDERICO
6248 Clay Pipe Ct.
Centreville, Virginia 20121
*Individually*

And
ERIK DIFEDERICO
501 Pelham Drive
Apartment D302
Columbia, South Carolina 29209
*Individually*

And
GREG DIFEDERICO
501 Pelham Drive
Apartment D302
Columbia, South Carolina 29209
*Individually*

    Plaintiffs

vs.

MARRIOTT INTERNATIONAL, INC.
Serve On Resident Agent:
  CSC-Lawyers Incorporating Service Company
  7 St. Paul Street, Suite 1660
  Baltimore, Maryland 21202

    Defendant

Case No:_____

**COMPLAINT**

Plaintiffs, MARY DIFEDERICO, individually and as Personal Representative of the ESTATE OF ALBERT DIFEDERICO, NICHOLAS DIFEDERICO, ERIK DIFEDERICO and GREG DIFEDERICO, hereby sue Defendant, MARRIOTT INTERNATIONAL, INC., and for their Complaint allege:

1. This is an action for wrongful death pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-904.

2. Plaintiff, MARY DIFEDERICO, is citizen and a resident of the State of Virginia. Plaintiff is the widow of decedent, Albert DiFederico, who was a citizen and a resident of the State of Virginia until his death on September 20, 2008. At the time of his death, Albert DiFederico, a former naval commander, was in Pakistan as a civilian contractor for the State Department. Albert DiFederico died because of Defendant's negligence in failing to protect him from the fatal consequences of the aftermath of a terrorist bombing at the Islamabad Marriott Hotel on September 20, 2008.

3. Plaintiff, NICHOLAS DIFEDERICO, is citizen and a resident of the State of Virginia. Plaintiff is the son of decedent, Albert DiFederico.

4. Plaintiff, ERIK DIFEDERICO, is citizen and a resident of the State of South Carolina. Plaintiff is the son of decedent, Albert DiFederico.

5. Plaintiff, GREG DIFEDERICO, is citizen and a resident of the State of South Carolina. Plaintiff is the son of decedent, Albert DiFederico.

6. Plaintiff, THE ESTATE OF ALBERT DIFEDERICO, was formed under the laws of the State of Virginia. Mr. DiFederico's wife, Mary DiFederico, is the personal representative of the Estate.

7. Defendant, MARRIOTT INTERNATIONAL, INC., is a Corporation organized and existing under the law of a State other than Virginia with its principal place of business located in Bethesda, Maryland. It is a worldwide operator and franchisor of over 3,000 properties, hotels and resorts in 67

different countries. Marriott International, Inc. was at all times material hereto the operator and owner of the Islamabad Marriott Hotel.

8. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

9. This Court has jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) in that the Defendant corporation has its principal place of business in this district.

## **GENERAL ALLEGATIONS**

11. Prior to September 20, 2008, there were two terrorist attacks on the Islamabad Marriott Hotel.

    a. In October 2004, an explosive laden laptop was detonated in the lobby injuring seven individuals.

    b. In January 2007, a suicide bomber entered a side entrance to the hotel. Although intercepted by a security guard, the bomber detonated an explosive within a vest worn by the bomber. This attack caused the death of a security guard and injured five others.

12. By September 2008, the Islamabad Marriott Hotel was a prime target for an immediate attack by militant Islamic terrorists operating in the city and in the region.

13. The 2004 and 2007 attacks, the level of terrorist activity in Islamabad in general, and the role of the Islamabad Marriott Hotel and its western image created a general environment by which any reasonable person would protect against further terrorist attacks involving car bombs, incendiary devices or weapons to be directed against guests of this hotel.

14. As a result, prior to the September 2008 bombing at issue, Defendant developed a plan for its staff to follow in the event of future foreseeable terrorist attacks.

15. As described fully below, Defendant was negligent in both developing and in carrying out this plan and otherwise failing to protect Albert DiFederico because the plan was inadequate and Defendant, through its personnel, failed to take the appropriate measures to protect hotel guests and Mr. DiFederico in particular, from the foreseeable aftermath of a terrorist attack.

16. On September 20, 2008, in an attack known as "Pakistan's 9/11," an explosive-laden "suicide" truck was detonated on the driveway to the hotel. This attack killed 56 individuals and injured 280 people. Those killed included two Americans, State Department employee Albert DiFederico and Air Force Major Rodolfo I. Rodriguez. In the attack, almost all of the 290 rooms were gutted due to the fire resulting from the explosion of the truck.

17. At the time of the September 20, 2008 attack, there were 1,500 people in the Defendant's hotel. Most of them were there to celebrate Iftar, the breaking of the fast of Ramadan.

18. As described below security procedures were developed and implemented by Marriott International, Inc. to anticipate terrorist attacks. At the time of this attack, the Islamabad Marriott Hotel had been placed at "Threat Condition Red." This condition contemplated mandatory (i) vehicle inspections; (ii) luggage inspections; and (iii) metal screening of personnel. At the time of the events complained of, sixty security personnel were on duty.

19. On September 20, 2008, at 7:54 p.m., a truck, containing 1,320 lbs. of explosives, artillery shells, mortar bombs and shrapnel turned into the driveway of the Islamabad Marriott Hotel and proceeded to impact the gate barrier. The barrier caused the oversized truck to be stopped. At that point, the Defendant's personnel deviated from the mandatory standards required by "Threat Condition Red."

20. There was no movement within the truck's cab after it stopped. Defendant's security personnel negligently assessed the situation as a routine traffic matter, ignored the "Threat Condition Red" requirements, and took no steps to alert hotel guests.

21. At 7:55 p.m., a security team first approached the truck. The suicide bomber within the cab of the truck then initiated an explosion. The explosive device malfunctioned. There was no detonation in the rear part of the truck where the explosives were stored. However, the attempted detonation started a fire within the cab of the truck.

22. The security personnel, upon seeing the explosion and fire, and given the circumstances, should have caused the hotel to be immediately evacuated and warned all guests of the danger presented. While Defendant's personnel cordoned off the area near the truck and called the fire brigade, Defendant's staff negligently failed to notify hotel guests, through the use of alarms, sirens or otherwise, of the apparent danger the truck presented.

23. There was no fire extinguisher located in the security booth at the entrance. Any attempt to put out the fire was unreasonably delayed while Defendant's engineer searched for and obtained a fire extinguisher from inside the hotel area and returned to the truck.

24. The engineer negligently selected a fire extinguisher which would increase a fire of this nature. The extinguisher failed to dampen the fire and instead caused the fire to escalate.

25. At 8:02 p.m., approximately 7 minutes from the initial fire, a second explosion occurred within the truck resulting in a fire that engulfed a significant portion of the hotel. This second explosion and resulting fire destroyed the hotel, killing 56 people, including Albert DiFederico.

26. The second explosion which caused the destruction of the hotel and the death of Albert DiFederico could have been averted if Defendant's personnel had acted promptly and reasonably by notifying all guests of the potential danger, causing the premises to be evacuated and/or dousing the fire

that started in the cabin of the truck. The death of Albert DiFederico would have been avoided if the Defendant security team had taken these appropriate steps.

## COUNT I
### (Wrongful Death due to Negligent Security)

27. The Plaintiff, MARY DIFEDERICO, re-avers the allegations contained in paragraphs 1 through 26 of the Complaint.

28. Plaintiff is a primary beneficiary in this wrongful death action pursuant to §3-904 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

29. At all times material hereto, the Defendant owed a duty of reasonable care to provide security for all guests at the Islamabad Marriott Hotel. In addition, because Albert DiFederico was a guest of the Hotel and a business invitee, a higher duty was owed to take affirmative reasonable actions to protect Mr. DiFederico (and the other guests of the Hotel) against the unreasonable risk of physical harm.

30. Defendant breached its duties by engaging in the following non-exhaustive list of acts and omissions:

    a.    Failing to give notice to hotel guests to evacuate the premises; after the initial explosion;

    b.    Failing to adequately train and supervise its security employees in the proper methods of evacuation upon the occurrence of a security threat;

    c.    Failing to provide its security personnel with adequate fire safety devices;

    d.    Failing to implement additional safety measures upon knowledge of security and terrorism threats in Pakistan;

    e.    Otherwise falling below the standard of care in providing for the safety of its hotel guests.

31. As a result of the aforementioned negligence, the Plaintiff's husband was killed and Plaintiff has suffered damages, which include but are not limited to, pecuniary losses, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, education, and guidance.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, including but not limited to, pecuniary losses, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, education, and guidance, interest, costs, attorney's fees and such other relief as this court deems just and proper.

## COUNT II
### (Wrongful Death due to Gross Negligence)

32. The Plaintiff, MARY DIFEDERICO, re-avers the allegations contained in paragraphs 1 through 26 of the Complaint.

33. The conduct of Marriott's security personnel described above constitutes gross negligence. Specifically, Marriott's security personnel intentionally failed to perform its duty to protect the hotel guests in light of the heightened security threat. The failure to perform this duty was in conscious and reckless disregard of the consequences affecting the life or property of another, and also implied a thoughtless disregard of the consequences without the exertion of any effort to avoid them.

34. Defendant was grossly negligent in the following manner:

    a. Failing to give notice to hotel guests to evacuate the premises; after the initial explosion;

    b. Failing to adequately train and supervise its security employees in the proper methods of evacuation upon the occurrence of a security threat;

    c. Failing to provide its security personnel with adequate fire safety devices;

   d.  Failing to implement additional safety measures upon knowledge of security and terrorism threats in Pakistan;

   e.  Otherwise falling below the standard of care in providing for the safety of its hotel guests.

  35. As a result of the aforementioned gross negligence, the Plaintiff's husband was killed and Plaintiff has suffered damages, which include but are not limited to, pecuniary losses, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, education, and guidance.

  WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, including but not limited to, pecuniary losses, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, education, and guidance, punitive damages, interest, costs, attorney's fees and such other relief as this court deems just and proper.

## COUNT III
### (Survivorship Claim)

  36. Plaintiff, MARY DIFEDERICO, as the personal representative of THE ESTATE OF ALBERT DIFEDERICO, re-avers the allegations contained in paragraphs 1 through 26 of the Complaint.

  37. The Estates and Trusts Article of the Annotated Code of Maryland 7-401(y) provides for actions on behalf of a decedent's estate for conscious pain and suffering, mental anguish, predeath fright and other damages for which a deceased could have recovered had he survived. As described in detail above, the Defendant's negligence was the direct and proximate cause of Albert DiFederico's death.

38. Subsequent to the terrorist attack, but prior to Albert DiFederico's death, he lived and suffered conscious pain and suffering, mental anguish and predeath fright, including but not limited to physical pain and fear related to his imminent death.

39. As a result of the aforementioned negligence, THE ESTATE OF ALBERT DIFEDERICO is entitled to the recovery of damages related to the conscious pain and suffering, mental anguish, predeath fright and any expenses associated with the final internment and disposition of Mr. DiFederico's remains in addition to any other damages available under the law.

WHEREFORE, Plaintiff demands judgment against Defendant for damages as specified above, interest, costs, attorney's fees and such other relief as this court deems just and proper.

Dated: June 2, 2011                          Respectfully submitted,


    /s/ Jonathan A. Azrael
Jonathan A. Azrael, Esquire
jazrael@aflaw.net
AZRAEL, FRANZ, SCHWAB & LIPOWITZ, LLC
101 E. Chesapeake Avenue, 5th Fl.
Towson, Maryland 21286
410-821-6800 (P)
410-821-1265 (F)


    /s/ Andrew C. Hall
Andrew C. Hall, Esquire
andyhall@hlhlawfirm.com
*counsel pending admission pro hac vice*
Matthew P. Leto, Esquire
mleto@hlhlawfirm.com
*counsel pending admission pro hac vice*
HALL, LAMB AND HALL, P.A.
2665 S. Bayshore Drive, Penthouse One
Miami, Florida 33133
305-374-5030 (P)
305-374-5033 (F)